Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ADELA MILAGROS RIVERA ALONSO<br>Parte Apelante<br><br>v.<br><br>ELENA ISABEL RIVERA LUGO<br>Parte Apelada | KLAN202500372 | Apelación procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil Núm.: CY2023CV00193<br><br>Sobre: División o liquidación de la comunidad de bienes hereditarios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de mayo de 2025.

Comparece la Sra. Adela Milagros Rivera Alonso y solicita que revoquemos la *Sentencia* emitida el 25 de mayo de 2025, y notificada el 26 de marzo de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. En ésta, el foro primario desestimó y archivó el caso de epígrafe al amparo de la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, ante la inactividad en el litigio en exceso de los seis (6) meses que dispone la citada regla.

Evaluado el escrito y su apéndice, este Tribunal revoca la *Sentencia* apelada y se devuelve el caso al foro primario para la continuación de los procedimientos de manera compatible con lo aquí dispuesto.

**I.**

El 16 de mayo de 2023, la Sra. Adela Milagros Rivera Alonso, instó una demanda sobre división de comunidad de bienes hereditarios contra su hermana, la Sra. Elena Isabel Rivera Lugo, el esposo de ésta, Sr. Héctor Solivan Fuentes, y la madre de la codemandada, Sra. Elena Lugo. La demandante informó que la

comunidad solamente posee un bien inmueble sito en Cayey. Además, solicitó el reconocimiento de créditos por concepto de renta de la unidad.[1]

Diligenciados los emplazamientos, la Sra. Elena Isabel Rivera Lugo y el Sr. Héctor Solivan Fuentes presentaron sus respectivas contestaciones a la demanda el 21 de agosto de 2023.[2] Por su parte, tras el tribunal denegarle su solicitud de desestimación, la Sra. Elena Lugo contestó la demanda el 8 de julio de 2024.[3]

La vista de conferencia inicial se llevó a cabo el 6 de septiembre de 2024. Según surge de la minuta[4], el abogado de la Sra. Adela Milagros Rivera Alonso informó sobre las intenciones del municipio de Cayey en expropiar el bien inmueble perteneciente a la comunidad hereditaria. Ante ello, afirmó que solamente restaba por dilucidar la reclamación de crédito, asunto sobre el cual las partes se encontraban considerando ofertas transaccionales.

Ante la inacción en el caso, el 7 de marzo de 2025, notificada el 10 de marzo de 2025, el TPI dictó orden dirigida a la parte demandante para que, en un término de diez (10) días, informara las razones por las cuales no se debía desestimar y archivar el caso por no haberse efectuado trámite durante los últimos 6 meses. De la hoja de notificación de esta orden, surge que la orden se notificó a la representación legal de la Sra. Adela Milagros Rivera Alonso, pero no directamente a dicha parte.

Luego, el 25 de marzo de 2025, notificada el 26 de marzo de 2025, el TPI emitió la Sentencia mediante la cual desestimó y archivó el caso al amparo de la Regla 39.2 (b) de Procedimiento Civil, *supra*, ante la inactividad en el litigio en exceso de los seis (6) meses que dispone la citada regla.

---

[1] Véase, expediente electrónico del caso CY2023CV00193 del Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada 1
[2] SUMAC, entradas 9 y 10.
[3] SUMAC, entradas 11, 16 y 28.
[4] Apéndice del recurso no numerado, Anejo 4.

El 28 de marzo de 2025, la Sra. Adela Milagros Rivera Alonso presentó una *Moción solicitando reconsideración a sentencia.*[5] Luego de presentar excusas por no haber comparecido en el término concedido, indicó que se trató de llegar a un acuerdo en cuanto al crédito reclamado, pero las partes no llegaron a un acuerdo. También adujo que la parte demandada había tenido cambios en su representación legal. Por último, anunció que, a la fecha de la moción, cursaba a la parte demandada -por segunda ocasión- lo que constituiría el descubrimiento de prueba de su parte y solicitó 90 días para cumplir con todo el descubrimiento de prueba del caso.

El TPI denegó la solicitud de reconsideración mediante resolución emitida el 31 de marzo de 2025, y notificada el 1 de abril de 2025.[6]

Inconforme, el 1 de mayo de 2025, la Sra. Adela Milagros Rivera Alonso instó el presente recurso y apuntó el siguiente señalamiento de error:

> Erró el TPI al desestimar la demanda y al hacerlo sin especificar si lo hizo con perjuicio o no.

Adujo que el foro primario erró al desestimar el caso sin imponer sanciones previas a su representación legal y sin apercibir directamente a la parte de las consecuencias de la inactividad en el litigio.

## II.

En nuestro ordenamiento jurídico se favorece que los casos se ventilen en sus méritos.[7] Sin embargo, esto no significa que una parte tenga derecho a que su caso tenga vida eterna en los tribunales, manteniendo así a la otra parte en constante estado de incertidumbre".[8] Por tal razón, la Regla 39.2 (b) de Procedimiento

---

[5] Apéndice no numerado, anejo 2.
[6] *Íd.,* anejo 3.
[7] *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221 (2001); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992).
[8] *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 202-203 (2012); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 369 (2003).

Civil, 32 LPRA Ap. V, R. 39.2 (b), reglamenta las desestimaciones por inactividad.[9] Específicamente, ésta dispone:

> (b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no se considerarán como un trámite a los fines de esta regla.
>
> El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

Dicha regla es un mecanismo que tiene a su disposición el Tribunal para darle fin a un pleito que fue desatendido por un litigante.[10]

No obstante, el Tribunal Supremo ha resuelto que la desestimación de un caso como sanción debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y después que otras sanciones hayan probado ser ineficaces.[11]

En consecuencia, no debe desestimarse un pleito al amparo de la Regla 39.2 (b) de Procedimiento Civil, *supra*, sin antes haber impuesto otras sanciones y sin haber un previo apercibimiento.[12] A tenor con ello, planteada una situación que amerite sanciones, el tribunal debe, en primera instancia, imponérselas al abogado de la parte. Si dicha acción disciplinaria no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones únicamente después de que la parte

---

[9] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 265-266 (2021).
[10] *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 49 (2014); *Sánchez Rodríguez v. Adm. de Corrección,* 177 DPR 714, 720-721 (2009).
[11] *Mun. de Arecibo v. Almac. Yakima,* supra, pág. 222.
[12] *Íd.*

haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida.[13]

Por último, cuando las partes expresen las razones por las cuales no se debe desestimar el caso, el tribunal, entonces deberá balancear los intereses involucrados; de un lado, el interés público de la resolución expedita de los casos y, del otro, el riesgo de perjuicio al demandado por la dilación. Si no se demuestra un perjuicio verdadero con la dilación, es irrazonable ordenar el archivo.[14]

**III.**

En su único señalamiento de error, la Sra. Adela Milagros Rivera Alonso aduce que el TPI incidió al desestimar la causa de acción por inactividad procesal en exceso de los seis (6) meses que dispone la regla. Tiene razón.

Al repasar el tracto procesal, surge que el representante legal de la Sra. Adela Milagros Rivera Alonso, en etapa de reconsideración, presentó excusas y explicó las razones para justificar la presunta inactividad o desatención al proceso judicial. En particular, reseñó que durante ese periodo de tiempo las partes trataron de llegar a un acuerdo en cuanto al crédito reclamado, pero no llegaron a ningún acuerdo. También adujo que la parte demandada había tenido cambios en su representación legal.

En *Ortiz v. Fernós López*[15]*,* el Tribunal Supremo resolvió que los cambios de representación legal o las conversaciones extrajudiciales entre las partes constituyen gestiones que interrumpan el periodo de seis (6) meses de inactividad prescrito por la Regla 39.2 (b).[16] Sin embargo, a tenor con la norma jurídica aplicable a la citada regla, si el TPI entendió que las razones

---

[13] *HRS Erase v. CMT,* 205 DPR 689, 702 (2020); *Mun. de Arecibo v. Almac. Yakima,* supra.
[14] *Mun. de Arecibo v. Almac. Yakima,* supra, pág. 223.
[15] *Ortiz v. Fernós López,* 104 DPR 851, 852-853 (1976).
[16] *Íd.,* págs. 852-853.

ofrecidas por la Sra. Adela Milagros Rivera Alonso no justificaban la inactividad del caso, debió, como primera alternativa, sancionar a su representación legal. Del expediente no surge que esto haya ocurrido. Si dicha acción disciplinaria no surtía efecto, el tribunal entonces debió informar a la Sra. Adela Milagros Rivera Alonso sobre las consecuencias de no justificar la falta de trámite en el caso y apercibirlo de las implicaciones de que la situación no fuese corregida, para que ésta tomara la acción pertinente. Solamente luego de imponer las sanciones progresivas, es que el TPI debió evaluar si procedía desestimar el caso.

Si bien es cierto que, desde que se llevó a cabo la vista de conferencia inicial en septiembre de 2024, hasta que el TPI emitió la orden de mostrar causa el 7 de marzo de 2025, transcurrieron seis (6) meses sin que ninguna de las partes presentara escrito alguno ante el TPI, el Tribunal Supremo ha sido enfático en que la desestimación de un pleito debe prevalecer únicamente en casos extremos donde quede expuesto el desinterés y abandono total del caso por la parte. Ésta no es la situación del presente caso, pues la parte demandante justificó la aparente inactividad.

Resulta evidente que el TPI desestimó el reclamo de la Sra. Adela Milagros Rivera Alonso sin cumplir con los requisitos procesales discutidos. En consecuencia, procede revocar la sentencia apelada, por ser contraria al derecho aplicable.

**IV.**

Por los fundamentos antes expuestos, se revoca la *Sentencia* apelada. Se deja sin efecto la desestimación del caso y se devuelve el caso al foro de origen para la continuación de los procedimientos cónsono con lo aquí resuelto.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones